SPRUILL v. BALLARD et al.

No. 5290.

Court of Appeals of District of Columbia.

Argued Jan. 8, 1932.

Decided March 28, 1932.

518

O. H. Brinkman, of Washington, D. C., for appellant.

George W. Offutt and Charles V. Imlay, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

The court below dismissed plaintiff's bill on the ground that it was without equity. This, we think, was wrong.

The bill alleged that appellant, whom we shall call paintiff, owned improved property in the city of Washington in which she lived, and which was assessed for taxation at $12,000 and valued at above $16,000. Being in need of funds, she applied to Ballard, one of the appellees, to help her obtain a loan of $9,000 to be secured by deed of trust on the property. Ballard arranged the loan, and plaintiff executed a deed of trust to Ballard and Serven, the other appellee, as trustees. Two years and a half later, plaintiff found herself without funds to pay the semiannual interest then due, and applied to Ballard to secure an extension of time from the holder of the indebtedness. Ballard refused to secure the extension of time and declined to give her the noteholder's name, as a result of which the property was advertised for sale. The day after, plaintiff tendered in cash the amount of the interest in default, the accrued taxes, and the one day's cost of the advertisement, but declined to pay in addition the sum of $225 as commissions to trustees for services in advertising the property. The tender was refused, and the property offered for sale as advertised.

At the sale plaintiff protested its validity, but, to avoid sale to another, made a bid through an agent, and a deposit of $300 (apparently there was no other bidder and no sale was had), and at a later date appellees agreed to apply the $300 deposit on account of accrued interest, provided plaintiff also would pay an advertising bill of $71 and an auctioneer's fee of $47 and trustees' fees of $125, but this plaintiff refused to do, and, upon appellees' renewed threat to sell the property and deprive her of title and possession, brought her bill to restrain appellees as trustees from carrying out their threat, but admitted her obligation to pay the indebtedness of $9,000 with interest, and her willingness and ability to do so, but alleged that appellees ought not to be permitted to make the sale because one or both of them held or owned the notes secured by the deed of trust, which fact was concealed from plaintiff at the time she executed the deed of trust, and that in the circumstances they were not legally or equitably entitled to act as trustees under the deed of trust and were seeking to deprive plaintiff of her property for their own benefit.

The prayer of the bill is that appellees be enjoined and restrained from selling the property, that the court determine what sum on account of interest, or otherwise, is due by plaintiff, and that, upon payment of same by plaintiff, the alleged default be revoked and annulled, and that the court appoint impartial and disinterested trustees to act in the place and stead of appellees.

It was stated in the argument that the property had been sold after the dismissal of the bill in the lower court, and title acquired in the name of Ballard, or for his account.

It will thus be seen that the bill charges unqualifiedly that the appellee Ballard, who agreed to procure the loan as the agent of appellant, concealed from her the fact that he was lending his own money, and, to effect this concealment more fully, had the note made payable to an office employee, and himself appointed one of the trustees.

If the allegations of the bill in these respects are true, and on the motion to dis-

miss they must be so regarded, we are of opinion that such facts disqualified Ballard to act that disinterested and impartial part his duty assigned to him; and that the ownership of the debt made him a mortgagee without the right to exercise the power of sale conferred by the deed without first applying to a court for its aid in a foreclosure; or, of course, he might have applied to the court for the substitution of another disinterested trustee.

 There is a marked difference between the relation of mortgagor and mortgagee and that of trustee and cestui que trust. The trustee in a deed of trust derives his powers from that instrument, which is likewise the measure of his obligations, and provides the remedies for its own enforcement, and the law requires of a trustee in such circumstances that he act fairly toward both parties and in the best interest of each and not for the exclusive benefit of either, because, after he has acted, the right of redemption is lost. Certainly it would be inconsistent that he should act in the character of vendor and beneficiary of the trust, for the two characters involve different obligations and should not be held by the same person. In the case of a mortgage the right of foreclosure embraces the reciprocal right to redeem, as well as the obligation to apply to a court of equity to carry out its terms, and consequently it has been held, and we think correctly, that, where a deed is executed by a debtor conveying land to his creditor and constituting the creditor trustee to sell the land and apply the proceeds to the payment of the debt due to himself, the deed, without regard to its form, should be regarded as a mortgage in which the trustee is without authority, except by resorting to a court of equity, to sell the property and bar the rights of the debtor. Chowning v. Cox, 1 Rand. (22 Va.) 306, 10 Am. Dec. 530. See, also, Morgan v. Glendy, 92 Va. 86, 88, 22 S. E. 854, and Pence v. Jamison, 80 W. Va. 761, 766, 94 S. E. 383. In Spencer et al. v. Lee, 19 W. Va. 179, 192, the trustee in a deed of trust, upon the death of the cestui que trust, qualified as his executor, and in the circumstances it was held that he could no longer act in a sale of the property under the deed of trust with that impartial disinterestedness required of a trustee. The court there said: "He had ceased to be a trustee and had become a mortgagee with the right of redemption in the mortgagor." Perhaps decisions may be found in some of the states to the contrary, and Roberts v. True, 7 Cal. App. 379, 94 P. 392, and Cassady v. Wallace, 102 Mo. 575, 15 S. W. 138, are cited, but we find nothing in either to affect our conclusion.

The practice of securing money by deed of trust on real estate is the nearly universal method in effect in the District of Columbia. The ease and facility of foreclosure under it commends it over the more cumbersome form of mortgage which must be foreclosed in court, but this very fact imposes upon courts the duty of scrutinizing all sales had under it which are questioned, and of setting those aside in which fraud or overreaching has been practiced by the trustee. In Church, Inc., v. Holmes, 60 App. D. C. 27, 46 F.(2d) 608, we said a trustee named in a deed of trust to secure a loan sustains a fiduciary relation to the debtor as well as the creditor, and, applying this doctrine in the case of Holman v. Ryon, 61 App. D. C. 10, 56 F.(2d) 307, decided February 1, 1932, we set aside a sale by a trustee to his wife. The same conditions which will avoid the sale when made should, we think, defeat the right to make it.

Here the borrower is a woman without business experience and without advice of counsel. Relying upon an agent whom she sought to secure a loan for her, she executed the trust, which he had prepared, without reading it or knowing its contents. When later she applied to him to know the person from whom she had borrowed the money, he refused to give the information, and, when she was two months in default and but a single day's advertisement of sale of the property had occurred, declined to accept the interest and the cost of the advertisement, but instead endeavored to make sale in the dual capacity of creditor and trustee. This relationship in itself created the infirmity. To hold otherwise would be to indulge a credulity in the disinterestedness of human nature which experience does not justify.

Reversed.