## BALLARD et al. v. SPRUILL.

## SPRUILL v. SUPREME COURT OF THE DISTRICT OF COLUMBIA.

## SAME v. BALLARD et al.

### Nos. 6142, 6153, 6154.

United States Court of Appeals for the District of Columbia.

Oct. 1, 1934.

Rehearing Denied Dec. 1, 1934.

George W. Offutt and Ross H. Snyder, both of Washington, D. C., for appellants.

Georgia M. Spruill, in pro. per., for appellee.

Leslie C. Garnett and John W. Fihelly, U. S. Attys., both of Washington, D. C.; for appellee Supreme Court of the District of Columbia.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

These appeals relate to the same transactions and involve the same parties. They will be considered in their order.

### Appeal No. 6142.

On May 20, 1930, Georgia M. Spruill, as plaintiff, filed a bill in equity in the lower court with William T. Ballard and Abram R. Serven, as defendants, alleging that on July 1, 1927, she had executed a deed of trust to the defendants, as trustees, upon certain real estate owned by her in the District of Columbia, to secure the payment of certain promissory notes executed by her in the aggregate sum of $9,000 payable to one K. A. Rhinebold, as a nominal payee; it being

provided therein that in case of default the trustees should sell the property for the payment of the debt and costs. The plaintiff alleged that she had paid all installments of interest upon the notes falling due prior to January 1, 1930; that she then applied to the trustees for the name and address of the person actually owning the notes secured by the deed of trust, in order that she might request an extension of the debt, and that this request was refused her; that on February 26, 1930, the defendants, as trustees, offered the property for sale and a bid was made by one Mary Hannaghan representing the plaintiff; that the sum of $300 was paid to the trustees upon the bid, but the sale was not completed. Plaintiff alleged that the defendants are the actual owners of the notes secured by the deed of trust, and that this fact was concealed from her at the time she executed the deed, and that because of their interest as owners of the notes they are not equitably entitled to act as trustees or to sell the property under the deed of trust, and that the appointment was void and their acts null and void for that reason. The plaintiff prayed that the defendants be restrained from offering the property for sale, that the court appoint impartial trustees, under the deed of trust in the place of defendants, and that ascertainment be made of the damages occasioned to plaintiff, including specifically counsel's fees.

A motion to dismiss the bill for want of substance was filed by the defendants which was sustained by the trial court, and the bill was dismissed at plaintiff's costs. The plaintiff on July 14, 1930, appealed the case to this court, and on March 28, 1932, we handed down our decree reversing the decision of the lower court and remanding the case for further proceedings. Spruill v. Ballard, 61 App. D. C. 112, 58 F.(2d) 517, 519. In our opinion we said: "Where a deed is executed by a debtor conveying land to his creditor and constituting the creditor trustee to sell the land and apply the proceeds to the payment of the debt due to himself, the deed, without regard to its form, should be regarded as a mortgage in which the trustee is without authority, except by resorting to a court of equity, to sell the property and bar the rights of the debtor." Accordingly, we held that the trustees, if they were the creditors in the notes, were not entitled to make sale of the property without resorting to a court of equity as upon a foreclosure.

It is disclosed by the record that the defendants Ballard and Serven were not in fact the owners of the notes in question, but that Harriet T. Serven, the wife of the defendant A. R. Serven, was the actual owner of the notes. We are of the opinion, however, that the rule which forbids a creditor as trustee from selling property under a deed of trust for the payment of his debt applies equally where the husband or wife of the creditor is named as the trustee in the deed of trust, and that this rule is applicable, notwithstanding the fact that another person not a creditor may be named as co-trustee in the deed of trust.

It should be noted at this point that the substantial controversy arising in this case results from the fact that the defendant trustees acted upon the decision of the trial court as final and proceeded with a sale of the property without awaiting the decision of this court upon the appeal. As a result of this, their action, which was legal when done according to the decree of the trial court, afterwards became illegal according to the decision of this court.

On July 16, 1930, the notes all being due and unpaid, the trustees advertised the property for sale at public auction and sold the same to William D. Buck, who was acting for the actual creditor, Mrs. Harriet T. Serven. A deed thereupon was executed by the trustees to Buck. Afterwards Buck brought suit in the municipal court of the District of Columbia in a landlord and tenant proceeding against Miss Spruill to secure possession of the premises. A jury trial was had and a verdict for possession was returned against her. A writ of restitution was executed by a deputy marshal and she was forcibly evicted, with her household goods, from the property. All of these events, as already stated, occurred between the date of the decision of the trial court dismissing plaintiff's bill and the date when that decision was reversed by this court.

Following the receipt by the lower court of the mandate of this court, the plaintiff, by leave of court, filed a supplemental bill of complaint, wherein she set out the facts which had occurred subsequent to the dismissal of her bill of complaint and her appeal, including the sale of her property by the trustees to Buck, the landlord and tenant case in the municipal court, and her forcible eviction from the premises. The plaintiff prayed for a finding of damages in her favor because of the sale, the eviction, and the physical and mental injuries sustained by her, and also specifically for her counsel's fees.

Thereupon Ballard and Serven, by leave of court, filed their answers as defendants to

the original bill of complaint filed by the plaintiff. The defendants, among other things, admitted in their answer that they had declined the request of the plaintiff to inform her of the name of the owner of the notes for the reason that they desired to avoid unnecessary annoyance that would come to the owner because of repeated requests for extensions by the plaintiff, whereas the defendant Ballard was in full charge of the matter and was fully authorized to grant all reasonable and proper extensions. Defendants averred that they had no desire to oppress the plaintiff, but that, inasmuch as values in the real estate market in this locality were falling at that time, defendants felt that the safety of the investment was in danger and required action on their part. Defendants denied that they ever made any demands on plaintiff for an excessive or illegal amount, but that they granted extensions in a number of instances when requested by plaintiff; they denied that they, or either of them, are or ever have been the owner or owners of the notes secured by the deed of trust; but aver that the notes were owned by Harriet T. Serven as her own separate estate, she being the wife of A. R. Serven, one of the trustees. Mrs. Serven thereupon entered her appearance as a defendant in the case.

Upon the issues thus made the court reported its findings of fact and conclusions of law and entered a decree thereon. The court set aside the deed executed by the trustees to Buck, but held that the deed of trust nevertheless remained a valid and subsisting lien upon the property. The court further found that the amount of the indebtedness of plaintiff to Harriet T. Serven upon the notes aforesaid as of June 30, 1933, was in the sum of $11,999.97; that the plaintiff was entitled to a credit thereon for the rental of the premises from November 4, 1930, to June 30, 1933, at the rate of $1,400 per year, amounting to $3,645.83, together with a credit for the deposit of $300 made by plaintiff at the first attempt to sell the property; and the court further assessed punitive damages against the defendants in the sum of $3,000 consisting of $1,000 compensatory damages payable to the plaintiff and $2,000 counsel fee payable to the plaintiff's attorney for services rendered in this proceeding, and ordered that this fee should constitute a valid and subsisting lien and incumbrance upon the plaintiff's interest in the real estate. The court ordered that Harriet T. Serven should retain possession of the real estate until the balance due to her

be paid by the plaintiff; that the defendants Ballard and Serven be removed as trustees, and Frederick S. Tyler and Harryman Dorsey be appointed in their place to serve as trustees under the deed of trust; that the plaintiff be allowed 15 days within which to express her intention to refinance the property, and if she failed to do so the substituted trustees should proceed forthwith to sell the described real estate, and if for any reason a settlement is not made according to this decree before December 1, 1933, the plaintiff should thereafter be charged with interest on the principal debt and taxes and have credit for the rent thereafter collected.

The plaintiff immediately gave notice that she had no intention of refinancing the property.

The plaintiff and the defendants then filed cross-appeals to this court.

■ We cannot agree with the action of the lower court in allowing a fee of $2,000 to the plaintiff's attorney in this case. It is established law that if compensatory damages be allowed to a party no counsel fees shall be added for services rendered by counsel in the case. Oelrichs v. Spain, 15 Wall. 211, 21 L. Ed. 43; Flanders v. Tweed, 15 Wall. 450, 21 L. Ed. 203; Day v. Woodworth, 13 How. 363, 371, 14 L. Ed. 181; Donovan v. Johnson, 13 App. D. C. 356; Southerland Damages (4th Ed.) vol. 1, p. 223; Burruss v. Hines, 94 Va. 413, 26 S. E. 875; 17 C. J. 807.

■ The allowance of counsel fees in this case, therefore, can be sustained, if at all, only upon the ground that it is part of an award of punitive damages granted to the plaintiff in the case. However, the facts and circumstances of this case as found by the lower court do not admit of the allowance of punitive damages. "To warrant the allowance of such damages the act complained of must not only be unlawful but must also partake somewhat of a criminal or wanton nature. And so it is an almost universally recognized rule that such damages may be recovered in cases, and only in such cases where the wrongful action complained of is characterized by some such circumstances of aggravation as willfulness, wantonness, malice, oppression, brutality, insult, recklessness, gross negligence, or gross fraud on the part of the defendant." 8 R. C. L. 585. The conduct of the defendants in the present case was technically erroneous. But the findings of the court negative the allow-

ance of punitive damages under the rule above stated.

The court found that when the plaintiff requested the defendant Ballard to give her the name of the holder of the notes, he was justified in refusing to comply with her request for the reason that it was not customary to do so and defendants feared that Mrs. Serven would be annoyed by repeated visits by the plaintiff. The court said: "I find that Mr. Ballard's reason was a good one, and that his refusal was justifiable."

As to the sale of the premises to Buck the court said: "In deciding to sell the property under the deed of trust I find that the trustees were acting in good faith and in the belief based upon reasonable grounds (including the decision of this court) that they had the legal right to do so." The court also said: "The sale was conducted in the usual manner."

The court further found that: "Plaintiff has never been prepared and able to pay the amount due from her upon the notes aggregating $9,000 herein described. She was not able to pay them at the time of their maturity or at the time of the auction sale in 1930, and she has never since been able to pay them."

The court also said: "In advertising the property for sale I find that defendants were acting in good faith. This court had held that plaintiff's bill did not state a cause of action. Plaintiff was unable to pay her debt and therefore it was reasonable to assume that defendants were entitled to proceed in the usual way. At such a sale the holder of the notes had the right to buy the property in order to protect herself. She had the right to buy the property in her own name or to have an agent buy it for her."

The only statement made by the court which purported to sustain an allowance for punitive damages reads as follows: "I have difficulty in deciding why the property was bought in the manner heretofore found [that is, by an agent bidding for the creditor]. Counsel who argued the motion to dismiss was not consulted and I assume defendants acted on their own judgment. I have reached the conclusion that the trustees desired to acquire control of the house on behalf of the owner of the notes, and that they preferred not to disclose the fact that the property was being acquired on her behalf, but preferred that the purchaser should appear to be acting independently and on his own behalf. There was a lack of frankness and it seems to me an element of oppressiveness

in purchasing the property in this way. Therefore I have finally decided that the case is one in which punitive damages may be allowed."

The facts found by the court utterly contradict the conclusion reached by the court upon them. The court had already stated that the creditor had the right to bid upon the property in her own name, or, if she preferred, to have an agent bid the property in for her. The allowance of punitive damages because of the exercise by the creditor of this conceded right is error.

The court when allowing punitive damages said: "I fix punitive damages in the sum of $3,000. This is arrived at by allowing $2,000 to cover counsel fees and allowing $1,000 otherwise. If I am wrong in concluding as matter of law that counsel fees may not be allowed as part of actual damages, and the court of appeals should allow counsel fees as such damages, my finding of punitive damages should be reduced to $1,000."

The force and effect of the latter statement of the court is that the plaintiff is allowed $1,000 for her actual damages and that counsel is allowed $2,000 as a fee for services in the case. In our opinion under the circumstances as found by the court, the allowance of damages should be reduced by eliminating the item of $2,000 counsel fees, with the result that $1,000 would be allowed to plaintiff as compensatory damages. We affirm the decree of the lower court subject to the modification as above stated that the allowance of $2,000 counsel fees be eliminated from the amount for which plaintiff may claim credit.

The decree of the lower court as thus modified is affirmed.

### Appeal No. 6153.

In this appeal Georgia M. Spruill is named as appellant and the "Supreme Court of the District of Columbia" as appellee.

The appeal relates to the decree of the trial court set out in the preceding appeal, to wit, No. 6142. The petition herein is entitled "Motion for a writ of prohibition and return of real estate." The relief sought is set out in the following words: "Petitioner now represents herself in proper person and moves the court to grant her a writ of prohibition against the respondent named herein for the restraining of this court from the execution of the terms of the decree in equity No. 51443 (Appeal No. 6142) providing sale of the said real estate. Also the return

of same property to Georgia M. Spruill, petitioner named herein, at once."

The petition was heard by the lower court and was dismissed. From the foregoing ruling the petitioner appealed to this court.

We find it unnecessary to discuss this appeal at length, for it seems clear that the procedure adopted by the plaintiff below is irregular and cannot be sustained. A party to a judgment or decree of the lower court may have various remedies in order to secure a review thereof, but an application to the same court for a writ of prohibition to prevent itself from executing the terms of its own decree is not allowed. The decree of the lower court therefore is affirmed.

### Appeal No. 6154.

This appeal also relates to the case set out in appeal No. 6142, supra.

It appears that after the decree of the court was entered in that case, the appellant, Georgia M. Spruill, filed a proposed decree to be substituted for that of the court. The proposal of the appellant contained among other things the following provision: "That the fee simple title to the real property hereinbefore described is hereby declared to be in the plaintiff, Georgia M. Spruill; that the same is not encumbered with a deed of trust, a mortgage, a lien, or debt expressed or implied; that no claim whatsoever is held against the said real property; that the real property hereinbefore described be, and is restored, to its legal owner, Georgia M. Spruill, by order of this court, the same court having decreed the so-called deed of trust signed Georgia M. Spruill on July 1, 1930, to be null and void, and same is declared null and void by order of this, the Supreme Court of the District of Columbia."

This application was dismissed by the court, whereupon the present appeal was taken. We think it clear that the lower court was right in dismissing this application. The case had already been determined and a final decree entered by the court, and an appeal had been taken to this court. Such an application as the present one was wholly irregular. It is proper, moreover, for us to say that a reference to our decision in appeal No. 6142 will disclose that neither the lower court nor this court has ever decreed that the deed of trust signed by Miss Spruill on July 1, 1930, was null and void. To the contrary the deed of trust was and is valid. The debt was due as set out in the deed of trust, and a sale under it could validly be made if the trustees had adopted a proper procedure in order to make the sale. We held that because of the interest of the trustees the remedy to be pursued by them in making a sale of the property for the payment of the debt was by way of a foreclosure in a court of equity. This is far from holding that the deed of trust itself was or ever became invalid or void.

The decision of the lower court in denying the motion of the appellant was correct, and it is hereby affirmed.