## SPRUILL v. SERVEN.
### No. 6667.

United States Court of Appeals for the District of Columbia.

Decided Feb. 1, 1937.

Petition to Reverse Judgment Denied April 9, 1937.

Georgia M. Spruill, in pro. per.

George W. Offutt and Ross H. Snyder, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

In this case the appellant, Georgia M. Spruill, as plaintiff below, brought suit on October 9, 1935, against Harriet T. Serven as defendant for damages accruing, as alleged, because of a trespass committed by defendant upon certain real estate of plaintiff. A motion was made by defendant to strike the declaration because of various defects of form alleged to appear within it. The motion was sustained by the court with leave given to plaintiff to file an amended declaration.

Thereupon, on December 6, 1935, the plaintiff filed her first amended declaration. The defendant then moved to strike the amended declaration, alleging various grounds in support of the motion. This motion also was sustained by the court with leave to amend.

Plaintiff next filed a second amended declaration. The defendant filed a motion to strike this amended declaration upon the ground that the same was bad in form. Plaintiff thereupon filed objections to the motion of defendant to strike her second amended declaration together with a memorandum of points and authorities.

The court considered the motion to strike together with the plaintiff's objections thereto and sustained the motion. Whereupon, plaintiff elected to stand upon her second amended declaration, and the court entered judgment dismissing her case. This appeal was then taken.

In our opinion the appeal cannot be sustained upon the record. The declaration in question consisted of thirteen paragraphs. In the first and second paragraphs it sets out the citizenship of the parties. In the third paragraph it states: "That the debt herein claimed has been accruing by the month since November 24, 1930, the date of the day when one William D. Buck, the straw man who previously had, by misrepresentation of fact in the Municipal Court of the District of Columbia (Landlord and Tenant division), got an order and by the said order the United States Marshal forcibly evicted plaintiff from her home and the real estate in which by renting rooms plaintiff with her labor earned her living."

In paragraph 4 a description of the real estate in question is given.

In paragraph 5 it is stated: "That the act of dispossessing plaintiff of her property came about while the case (Spruill v. Ballard, 61 App.D.C. 112, 58 F.(2d) 517) was pending in that court and when the said Appeals Court ruled in favor of the plaintiff said real estate was not released to plaintiff by the defendants in the equity case; and when the same case was ap-

pealed the second time and again (64 App. D.C. 60, 74 F.(2d) 464) the Court of Appeals ruled in favor of plaintiff, the defendant without the consent of plaintiff held said real estate, and to date of filing of this suit in Law, and the two amendments thereto, no account has been rendered to plaintiff, by the defendant, pertaining to plaintiff's rooming-house business, the labor plaintiff has been denied the use of and which labor she used in conducting said business up to November 24, 1930, and no rendering of account for rents due to plaintiff on said real estate and the rooming house furnishings has been made to plaintiff to date of this filing."

In paragraph 6 it is alleged: "That because defendant, Harriet T. Serven, by affidavit of herself which was verified by affidavit of Abram R. Serven, and William T. Ballard, the defendant in the above-entitled cause assumed responsibility for the eviction of plaintiff from said real estate; which acknowledgment, places the responsibility for the payment of rent on the said real estate, and the rent on furniture herein named, and the payment for the labor, plaintiff was denied the right to use in the conduct of her own business directly on the defendant in the above entitled cause, Harriet T. Serven."

In paragraph 7 it is stated that the earning power of the property was $3,644 per annum.

In paragraph 8, that the monthly rental value thereof was $133.

In paragraph 9, that $50 per month, was collected as rental for furniture; and the rental value of plaintiff's furniture is that amount.

In paragraph 10 that the valuation of labor that plaintiff was denied the right to use in the conduct of her own rooming house business was $100 per month.

In paragraph 11 these sums are recapitulated.

In paragraph 12 plaintiff prayed that "all property of defendant be held in her own possession as lawfully owned property of herself, until her debts to plaintiff are satisfied."

In paragraph 13, "That a rule to show cause issue out of this Court, directed to the defendant, requiring her to appear herein on a day certain and show cause why she should not settle this debt in full; and pay the costs of this action."

In our opinion the allegations of the foregoing second amended declaration do not state a cause of action against Mrs. Serven. It is not only deficient in form but also in substance.

In paragraph 3, supra, the statement is made that Miss Spruill was ejected from the premises in question by an order of the Municipal Court of the District of Columbia (Landlord and Tenant Division). In paragraph 5, supra, it is charged that this proceeding was illegal and reference is made to the cases of Spruill v. Ballard, 61 App.D.C. 112, 58 F.(2d) 517, and Ballard v. Spruill, 64 App.D.C. 60, 74 F.(2d) 464. The references made to these cases, however, import into the present declaration, as Plaintiff's Exhibit D–4, a copy of a decree affirmed by this court and entered in the case last cited, wherein it appears that the court held that the present plaintiff was indebted to Harriet T. Serven upon notes secured by a lien or mortgage upon the property involved in this case in the sum of $11,999.97, and that plaintiff was entitled to credit thereon for the rental of the premises from November 4, 1930, to June 30, 1933, at the rate of $1,400 per year amounting to $3,645.83, together with a credit for a certain deposit of $300 and also to a credit of $1,000 as compensatory damages because of the eviction complained of herein.

Therefore, it is apparent that the declaration of the plaintiff exhibits the record of a prior case in this court wherein the claim which she seeks to assert in the present case was fully and finally adjudicated. Accordingly, we affirm the decision of the lower court.

In reaching our conclusion we have not been unmindful of the fact that appellant, who is not a lawyer has undertaken in proper person to prepare her bill and argue her case, and in consequence of this we have considered the pleadings liberally and without regard to mere technical errors of form; but, even considered in this light, we have been compelled to reach the announced conclusion.

Affirmed.