## SPRUILL v. SERVEN *
### No. 6810.

United States Court of Appeals for District of Columbia.

Decided April 26, 1937.

Petition for Review and Reversal of Judgment Denied Sept. 27, 1937.

Georgia M. Spruill, of Washington, D. C., pro se.

George W. Offutt and Ross H. Snyder, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment of the United States District Court for the District of Columbia in favor of the appellee and against appellant upon a directed verdict.

In the declaration filed on August 16, 1933, by appellant as plaintiff in the District Court, plaintiff demanded judgment against the appellee as defendant in the sum of $50,000 alleged to be due to plaintiff "for personal damages and damages to property." Plaintiff alleged that on November 24, 1930, the defendant forcibly and unlawfully evicted plaintiff from her property at 27 Iowa Circle, in the city of Washington, D. C., and that "suffice to state only a glance at records in courts from the Municipal Court to the Supreme Court of the United States is necessary to verify the charge."

Plaintiff submitted as an exhibit a copy of the lower court's findings in equity cause No. 51443, and attached certain other ex-hibits to her declaration, and prayed the court "to render judgment against defendant and to compel her to show cause why she should not pay to plaintiff damages to the sum of fifty thousand dollars ($50,000), because of the aforesaid deeds that brought about irreparable injury to her and because of the humiliation suffered all the while, and because of slanderous newspaper publicity now a part of the news section in the Library of Congress, brought about when defendant forced plaintiff in the street, making herself and the furniture food for the news gatherers for the public press. And because of the suffering in body for lack of enough food to feed her body properly. All the aforementioned injuries are chargeable to defendant and the injuries not named plaintiff is asking that defendant give an accounting for in the settlement for the damages her agents have caused this plaintiff to suffer."

On October 20, 1933, the defendant filed a plea to the declaration averring that the action should abate for the reason that plaintiff was a party plaintiff and defendant a party defendant in a certain action pending in the Supreme Court of the District of Columbia (now United States District Court for the District of Columbia), docketed as equity cause No. 51443, wherein the identical claim and the identical damages as that sued upon in the present case were sued upon and tried before the court sitting as a court of equity, and wherein the findings of fact of the court were filed and that the cause is now ready for final decree.

Afterwards, to wit, on May 6, 1936, the defendant filed a supplemental plea, alleging that the parties hereto were the parties plaintiff and defendant, respectively, and the subject-matter and purpose in the action herein are the same as those litigated between the present parties in equity cause No. 51443, in the District Court, and all matters and issues both of fact and law herein sought to be determined were and have been fully presented and finally determined upon their merits as between the parties hereto, all of which appears by reference to the findings of fact and conclusions of law in the decree of this court entered thereon, in case No. 6142, Ballard v. Spruill, 64 App.D.C. 60, 74 F.2d 464, wherefore defendant pleaded former adjudication.

On May 16, 1936, the plaintiff filed a replication to the supplemental plea, averring that the issues tried and determined

in the action referred to therein were not identical with those in the present suit, and that the cause of action was not the same.

On June 8, 1936, the aforementioned issue was tried to a jury and a verdict was found for the defendant by direction of the court, and judgment was entered thereon, whereupon the plaintiff appealed to this court.

It does not appear in the record that any testimony was submitted ·at the trial of the case, except the copy of the court's findings, in equity cause No. 51443. In our opinion, that record conclusively sustains the decree of the court in this case.

The findings and decrees of the District Court in equity cause No. 51443 and law case No. 83348 upon the docket of that court, which were affirmed by us in cases 6142, 6153, and 6154, 64 App.D.C. 60, 74 F.2d 464, fully and conclusively disclose the grounds upon which the claims of the appellant must be rejected. See, also, our recent decision in the case of Georgia M. Spruill v. Harriet T. Serven, 67 App.D.C. 39, 89 F.2d 511, 512, wherein the issues were substantially identical with this case. We there said:

"In paragraph 3, supra, the statement is made that Miss Spruill was ejected from the premises in question by an order of the Municipal Court of the District of Columbia (Landlord and Tenant Division). In paragraph 5, supra, it is charged that this proceeding was illegal and reference is made to the cases of Spruill v. Ballard, 61 App.D.C. 112, 58 F.2d 517, and Ballard v. Spruill, 64 App.D.C. 60, 74 F.2d 464. The references made to these cases, however, import into the present declaration, as Plaintiff's Exhibit D–4, a copy of a decree affirmed by this court and entered in the case last cited, wherein it appears that the court held that the present plaintiff was indebted to Harriet T. Serven upon notes secured by a lien or mortgage upon the property involved in this case in the sum of $11,999.97, and that plaintiff was entitled to credit thereon for the rental of the premises from November 4, 1930 to June 30, 1933, at the rate of $1,400 per year amounting to $3,645.83, together with a credit for a certain deposit of $300 and also to a credit of $1,000 as compensatory damages because of the eviction complained of herein.

"Therefore, it is apparent that the declaration of the plaintiff exhibits the record of a prior case in this court wherein the claim which she seeks to assert in the present case was fully and finally adjudicated. Accordingly, we affirm the decision of the lower court."

The judgment of the District Court is affirmed.

Affirmed.