### SPRUILL v. BALLARD et al.
### No. 51443.

District Court of the United States for the District of Columbia.

Jan. 23, 1941.

730

Georgia M. Spruill, in pro. per.

Harryman Dorsey and Ross H. Snyder, both of Washington, D. C., for defendants.

LAWS, Justice.

This case is before me on plaintiff's motion, filed October 19, 1940, to set aside an order signed by me under date of October 9, 1940, authorizing the trustee appointed in this cause to invest in government bonds certain funds held by him as such trustee. The reasons for the motion are principally: (1) that this Court had no power to pass the order; (2) that it is apparent of record the trustee has been guilty of wrongs against the plaintiff, including, among other things, fraud in obtaining the money which the Court authorized to be invested; and (3) there was no notice given to plaintiff of the application to the Court for authorization to make the investment.

Inasmuch as at the oral hearing it was stated that many questions in this cause have been in contest over a long period of time, that is, some ten years, I have felt it advisable to give study to the files and to two decisions in the cause made by the United States Court of Appeals for the District of Columbia. Spruill v. Ballard et al., 61 App.D.C. 112, 58 F.2d 517; Ballard et al. v. Spruill, 64 App.D.C. 60, 74 F. 2d 464.

I find the money authorized to be invested consisted of the net proceeds of a foreclosure sale of property made by the trustee to satisfy an alleged overdue loan made to plaintiff by one Harriet T. Serven. The motion, as heretofore indicated, and many other parts of the file in this cause claim fraud on the part of the trustee in obtaining the fund. Such claims are not pertinent to a disposition of the present motion, which simply has to do with authority to invest the fund during the time there is contest regarding it. It is apparent from the file that a long period of time may be required to dispose of the points in litigation and therefore the order to invest trust funds was necessary to be obtained.

It is the established duty of a trustee to invest funds in his possession over a long time. Failing to do so, he may be held personally liable for loss of income. In re Ayvazian's Estate, 153 Misc. 467, 275 N.Y.S. 123. Rule 48 of the Rules of Procedure in Civil Practice of this Court refers to the approval of investments in United States government bonds. Thus there appears no doubt as to the duty of the trustee and the power of this Court to have acted to bring about the investment.

With respect to the point that no notice was given to plaintiff with regard to the application for leave to invest the trust funds, it seems there is no necessity therefor. But even granting plaintiff was entitled to notice, no showing has been made that the investment authorized was not in securities which are sound and proper to be approved.

The trustee has given adequate undertaking in this cause to secure the faithful performance of his trust. If plaintiff shall succeed in respect of any claims she may have against the fund in question, she will have right to the proceeds of the investment authorized. Therefore, after careful consideration, it appears no harm can result to plaintiff because of the aforesaid order to invest, and there seems to be no point in setting the order aside.

Plaintiff's motion will be overruled.