## SPRUILL v. BROOKS.

### No. 817.

Municipal Court of Appeals for the District of Columbia.

Argued June 27, 1949.

Decided July 18, 1949.

Georgia M. Spruill, pro se.

Carleton U. Edwards, II, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff-appellant sued defendant-appellee in the Landlord and Tenant Branch of the Municipal Court for possession of improved real estate at 27 Logan Circle, N. W. In her complaint plaintiff described herself as the "lawful owner of the property" and alleged that the premises were in possession of defendant "who holds them as a tenant at will which in law in fact [sic] is a tenant of the plaintiff." The grounds upon which possession was sought were described as follows: "1. The right of the owner to possession and use of her property as she sees fit and proper; and 2. The right to collect all proceeds therefrom that may be realized in rents and other money values for her own use." [1] It was also alleged that a notice to quit had been served upon defendant as required by law.

Instead of answering defendant moved to dismiss on the ground that no landlord and tenant relationship existed between the parties and hence that the Municipal Court was without jurisdiction over the case. The trial court held a hearing on the issue of whether defendant was a tenant at will of plaintiff and, after hearing plaintiff's testimony and receiving various documents offered by her, found that there was no relationship of landlord and tenant between the parties and sustained the motion to dismiss the complaint on the ground that the court had no jurisdiction over the action. Plaintiff appeals from the order of dismissal.

The action is one of a long series of suits filed by plaintiff involving ownership of this property which have been in the various courts of the District of Columbia and in the Supreme Court of the United States for nearly 20 years.[2] We are confined,

---

[1] Neither of these grounds is included in those upon which housing accommodations may be recovered under the District of Columbia Emergency Rent Act, Code 1940, Supp .VI, 45—1605(b), but the point was not raised in the trial court and therefore our decision does not turn upon it.

[2] See among other cases: Spruill v. Ballard, 61 App.D.C. 112, 58 F.2d 517; Spruill v. Rover, App.D.C., No. 5860 (unreported), Mar. 18, 1933, cert. denied 290 U.S. 625, 54 S.Ct. 58, 78 L.Ed. 545, rehearing denied Nov. 20, 1933; Spruill v. McMahon, App.D.C., No. 5955 * (unre-
* No opinion on publication.

however, in the present case to the narrow issue of whether plaintiff has established that there was a relationship of landlord and tenant between herself and defendant. We have concluded that defendant was not a tenant at will of plaintiff and that since no other landlord and tenant relationship between the parties was pleaded or proved and no other ground established for the exercise of the jurisdiction of the Municipal Court it follows that the trial court was correct in dismissing the complaint.[3]

■ As has been pointed out on numerous occasions, the jurisdiction of the Municipal Court over summary suits, such as was brought here, to recover possession of real property is limited to cases arising under two statutes. One of such statutes, Code 1940, 45—910, is limited explicitly to actions by landlords against tenants.[4] The other statute, known as the forcible entry and detainer statute, is codified in Code 1940, 11—735, which is a part of the chapter prescribing the jurisdiction of and procedure in the Municipal Court.[5] As contrasted with these two forms of action, the action of ejectment (which by Code 1940, 45—910, supra, must be brought in the

ported), May 19, 1933; cert. denied 290 U. S. 625, 54 S.Ct. 58, 78 L.Ed. 545, rehearing denied Nov. 20, 1933; Ballard v. Spruill, Spruill v. Supreme Court of the District of Columbia, and Spruill v. Ballard, 64 App.D.C. 60, 74 F.2d 464, cert. denied 293 U.S. 625, 55 S.Ct. 349, 350, 79 L.Ed. 712, rehearing denied 294 U. S. 732, 55 S.Ct. 507, 79 L.Ed. 1261; Spruill v. O'Toole, 64 App.D.C. 85, 74 F.2d 559, cert. denied 294 U.S. 707, 55 S.Ct. 401, 79 L.Ed. 1242, rehearing denied 294 U. S. 732, 55 S.Ct. 510, 79 L.Ed. 1261; Spruill v. Crawford, App.D.C., No. 6258 * (unreported), Dec. 31, 1934, cert. denied 294 U.S. 714, 55 S.Ct. 513, 79 L.Ed. 1247, rehearing denied 294 U.S. 733, 55 S.Ct. 548, 79 L.Ed. 1262; Spruill v. Ballard, App.D.C., No. 6483 * (unreported) June 11, 1935, cert. denied 296 U.S. 575, 56 S.Ct. 130, 80 L.Ed. 406, rehearing denied 296 U.S. 662, 56 S.Ct. 168, 80 L.Ed. 472; Spruill v. Serven, 67 App.D.C. 39, 89 F. 2d 511, cert. denied 302 U.S. 687, 58 S. Ct. 51, 82 L.Ed. 530, rehearing denied 302 U.S. 777, 58 S.Ct. 139, 82 L.Ed. 601; Spruill v. Serven, 68 App.D.C. 60, 93 F. 2d 219, cert. denied 302 U.S. 764, 58 S.Ct. 477, 82 L.Ed. 594, rehearing denied 303 U. S. 666, 58 S.Ct. 525, 82 L.Ed. 1123; Spruill v. Ballard, App.D.C., No. 6841 * (unreported), Apr. 29, 1937, cert. denied 302 U. S. 764, 58 S.Ct. 477, 82 L.Ed. 594, rehearing denied 303 U.S. 666, 58 S.Ct. 562, 82 L.Ed. 1123; Spruill v. Dorsey, App.D.C., No. 6842 * (unreported), Dec. 27, 1937, cert. denied 304 U.S. 565, 58 S.Ct. 951, 82 L.Ed. 1531, rehearing denied 304 U.S. 590, 58 S.Ct. 1055, 82 L.Ed. 1550; Spruill v. Ballard, App.D.C. No. 7186 * (unreported), Apr. 10, 1939, cert. denied 308 U.S. 608, 60 S.Ct. 176, 84 L.Ed. 804, rehearing denied 308 U.S. 638, 60 S.Ct. 294, 84 L.Ed. 530; Spruill v. Ballard, App.D.C., No. 7656 * (unreported), Nov. 20, 1940, cert. denied 313 U.S. 576, 61 S.Ct. 1099, 85 L. Ed. 1534, rehearing denied 314 U.S. 707, 62 S.Ct. 54, 86 L.Ed. 564; Spruill v. Ballard, U.S.App.D.C., Nos. 8163-4-5, 8272 * (unreported), July 12, 1943, cert. denied 320 U.S. 796, 64 S.Ct. 263, 88 L.Ed. 480, rehearing denied 321 U.S. 803, 64 S.Ct. 634, 88 L.Ed. 1089; Spruill v. Newby, U.S.App.D.C., No. 8318 * (unreported), June 29, 1943, cert. denied 320 U.S. 766, 64 S.Ct. 69, 88 L.Ed. 457, rehearing denied 320 U.S. 813, 64 S.Ct. 188, 88 L.Ed. 491; Spruill v. Temple Baptist Church, 78 U.S.App.D.C. 324, 141 F.2d 137, cert. denied 323 U.S. 755, 65 S.Ct. 87, 89 L.Ed. 604; Spruill v. Campbell, 82 U.S.App.D. C. 401, 166 F.2d 210, cert. denied 333 U. S. 864, 68 S.Ct. 737, 92 L.Ed. 1143, rehearing denied 334 U.S. 830, 68 S.Ct. 1327, 92 L.Ed. 1758; Spruill v. Ballard, D.C.D.C., 36 F.Supp. 729.

3 52 C.J.S., Landlord and Tenant, § 781.

4 Code 1940, 45—910, provides: "Whenever a lease for any definite term shall expire, or any tenancy shall be terminated by notice as aforesaid, and the tenant shall fail or refuse to surrender possession of the leased premises, the landlord may bring an action of ejectment to recover possession in the District Court of the United States for the District of Columbia; or the landlord may bring an action to recover possession before the municipal court, as provided in sections 11—701 to 11—749 of this Code."

5 Code 1940, 11—735, provides as follows: "Whenever any person shall forcibly enter and detain any real property, or shall unlawfully, but without force, enter and unlawfully and forcibly detain the same; or whenever any tenant shall unlawfully detain possession of the property leased to him, after his tenancy therein has expired; or any mortgagor or grantor in a mortgage or deed of trust to secure a debt shall unlawfully detain the possession of the real property conveyed, after a sale thereof under such deed of trust or a foreclosure of the mortgage, or any person claiming under

* No opinion for publication.

District Court) may be commenced by any claimant to property against anyone occupying the premises, either in person or by tenant or against any person exercising acts of ownership adversely to the plaintiff.[6]

Construing the forcible entry and detainer statute, the Supreme Court has said:

"Considering the terms of the act of Congress, the settled construction, before the passage of that act, of the statute of Massachusetts from which it appears to have been taken, and the general course of decision in this country under statutes on the same subject, the reasonable conclusion is that, in order to sustain this form of proceeding, the conventional relation of landlord and tenant must exist, or have existed, between the parties."[7]

■ Plaintiff insists that the Municipal Court had jurisdiction of her action because defendant was her tenant at will. We have carefully studied her briefs and various papers submitted in connection therewith. Her theory so far as we have been able to determine it is that in one of the earlier cases involving the property—Ballard v. Spruill, 64 App.D.C. 60, 74 F.2d 464—the court in 1934 set aside a sale by trustees under a deed of trust given to secure indebtedness on the property and ordered that in an accounting plaintiff be credited with the rent actually collected. Plaintiff apparently urges that this made one or more of the parties to the original suit her tenant and that in consequence various subsequent occupants of the property, including defendant, became her tenants by operation of law. She has not shown the connection if any between defendant and the various previous occupants.[8] Conceding that under some of the old English cases a tenancy at will might arise under a variety of circumstances, for instance, if one goes into possession under a void conveyance,[9] such cases are not controlling in this jurisdiction because they do not fall within the definition of estates at will established by statute in the District of Columbia. This definition is as follows, Code 1940, 45—822:

"An estate at will is one held by the joint will of lessor and lessee, and which may be terminated at any time, as herein elsewhere provided, by either party; and such estate shall not exist or be created except by express contract: Provided, however, That in case of a sale of real estate under mortgage or deed of trust or execution, and a conveyance thereof to the purchaser, the grantor in such mortgage or deed of trust, execution defendant, or those in possession claiming under him, shall be held and construed to be tenants at will, except in the case of a tenant holding under an unexpired lease for years, in writing, antedating the mortgage or deed of trust."

It is obvious that plaintiff has failed to bring defendant within this statutory definition of a tenant at will. She has herself expressly disclaimed that defendant is in possession as a result of an agreement with her. On the contrary, she testified in the trial court that defendant did not obtain possession through her and that she hasn't

---

such mortgage or grantor, after the date of the mortgage or deed of trust, shall so detain the same; or a judgment debtor or any person claiming under him, since the date of the judgment, shall so detain possession of real property, after a sale thereof under an execution issued on such judgment, it shall be lawful for the municipal court, on complaint under oath, verified by the person aggrieved by said unlawful detention or by his agent or attorney, having knowledge of the facts, to issue a summons to the party complained of to appear and show cause why judgment should not be given against him for the restitution of the possession."

[6] Code 1940, 16—501 et seq.

[7] Willis v. Eastern Trust & Banking Co., 169 U.S. 295, 309, 18 S.Ct. 347, 353, 42 L.Ed. 752. See also Thurston v. Anderson, D.C.Mun.App., 40 A.2d 342; Brooks v. Trigg, D.C.Mun.App., 51 A.2d 302.

[8] Contained in the papers filed by plaintiff are references to various suits filed by her in the District Court. In one suit, Equity No. 51,443, wherein the decree stands unreversed, the record shows ratification of a sale of the property at foreclosure in 1936 to one Mamie Melick. Since the trial court was not trying title, we do not refer to subsequent transactions as shown by the records of the office of the Recorder of Deeds, of the District Court, and of the United States Court of Appeals.

[9] 1 Tiffany, Landlord and Tenant, § 13a (3).

had possession of the property since the original foreclosure proceedings nearly 20 years ago. It is equally obvious that defendant is not a tenant at will of plaintiff under the proviso in the statute quoted above because there was no evidence that *he* was the grantor in a mortgage or deed of trust or execution defendant or held under a person answering any of those descriptions. On the contrary, it appears that *she* was the grantor under a mortgage or deed of trust. Had *she* remained in possession *she* might have become the tenant at will of the purchaser. The fact is that plaintiff has not sought to bring herself within the clear provisions of the statute; she has relied entirely upon her claim that she still owns the property and hence that any occupant, regardless of how he obtained possession, is her tenant at will. Such is not the law.

Affirmed.