**Juana CAMPOS, Appellant,**

v.

**Juan AGUILA, et al., Appellees.**

**No. 82–517.**

District of Columbia Court of Appeals.

Argued Dec. 15, 1982.

Decided July 18, 1983.

Kurt Berlin, Washington, D.C., with whom Joseph M. Goldberg, Washington, D.C., was on the brief, for appellant.

John R. Heisse II, Washington, D.C., with whom Selma W. Samols, Silver Spring, Md., entered an appearance, for appellees.

Before FERREN and BELSON, Associate Judges, and YEAGLEY, Associate Judge, Retired.

YEAGLEY, Associate Judge, Retired:

On September 23, 1981, appellees, Juan and Aurora Aguila, filed suit in Superior Court for possession of a grocery store based upon non-payment of rent from January 1, 1981 to September 9, 1981, at $680 per month.

In August 1980, appellant, Juana Campos and appellees orally reached an agreement for the sale of a grocery business at 3158–3160 Mt. Pleasant Street, N.W., owned by New Chile Incorporated and trading as the El Progresso International Market, at the price of $120,000. Appellees were owners of both the stock in the corporation and the building in which the grocery business was located. Thus, appellees decided to both lease the property and sell the grocery store business to appellant. Accordingly, the parties entered into two separate agreements: the first was a lease for the rental of property at a stated rent of $680 per month, and the second, was a sale of the business for $120,000. Appellant issued a promissory note in the amount of $120,000 to appellees, however, on January 1, 1981, appellant ceased paying rent. After appellees filed suit for possession, appellant filed an answer in which she alleged in part that she had filed an action for fraud against appellees herein and further that no rent was owed because appellant had paid appellees on August 20, 1980, $30,000 in cash which appellees refuses to acknowledge or admit.

Thereafter appellees filed their "First Motion In Limine" in which it was alleged that appellees had also sued appellant on her promissory note given for the purchase of the business. The motion stated that in appellant's answer to that action she al-

leged that she had on August 29, 1980, handed appellees $30,000 in cash "as partial payment toward the agreed upon price of $120,000." Accordingly, appellees asked the court to enter an order precluding appellant from presenting evidence in the possessory action of the alleged $30,000 cash payment. Appellant intended to use this evidence to assert a set-off to appellees' claim for possession and back rent in accordance with the lease agreement. The trial court granted the motion citing Super.Ct. L & T R. 5(b).[1] After a jury trial, judgment was entered for the appellees for possession. On appeal appellant challenges the order *in limine.* We find no error.

Appellant concedes in her brief that her $30,000 claim is extrinsic to appellees action for possession, but argues that for the purposes of Super.Ct. L & T R. 5(b), her claim is "related to the premises." We disagree. The Landlord and Tenant Rules regarding defenses to a landlord's claim for recovery of possession based upon the non-payment of rent do not encompass defenses *not* based on the payment of rent, *Winchester Management Corp. v. Staten,* 361 A.2d 187, 192 (D.C.App.1976), or "related to the premises." "Rule 5(b) of the Landlord and Tenant Rules allows the assertion of a counterclaim for a money judgment only when based on the payment of rent or on expenditures claimed as credits against rent." *Id.* For example, we have said that claims for personal injury, or for damages to personalty, while related to the rental premises, may not be raised in the Landlord and Tenant Branch of Superior Court. *Hines v. Sharkey,* 449 A.2d 1092–93 n. 3 (D.C.App. 1982). *Miles Realty Co. v. Garrett,* 292 A.2d 152, 153 (D.C.App.1972). These constraints imposed by the Landlord and Tenant Rules were designed to insure an expeditious resolution of landlord-tenant disputes.

1. Rule 5(b) provides:
   (b) COUNTERCLAIMS. In actions in this branch for recovery of possession of property in which the basis of recovery is nonpayment of rent or in which there is joined a claim for recovery of rent in arrears, *the defendant may assert an equitable defense of recoupment or set-off or a counterclaim for a money judgment based on the payment of*

Here, appellant's defense is not based upon the payment of rent and was properly disallowed. Appellant's claim of a $30,000 payment to appellees is related to the purchase price of the business sold in a separate transaction. Partial payment under a separate transaction is unrelated to appellant's duty to pay rent. Thus, the trial court's ruling was consistent with both court rules and case law, and was not error as a matter of law.

Accordingly, the judgment on appeal is *Affirmed.*

*rent or on expenditures claimed as credits against rent or for equitable relief related to the premises.* No other counterclaims, whether based on personal injury or otherwise, may be filed in this branch. This exclusion shall be without prejudice to the prosecution of such claims in other branches of the court. (emphasis added.)