**MILLMAN BRODER & CURTIS, Appellant,**

v.

**D.F. ANTONELLI, Jr., et al., Appellees.**

**No. 83–1043.**

District of Columbia Court of Appeals.

Argued Aug. 28, 1984.

Decided March 22, 1985.

**2.** *See Thunberg v. Thunberg,* 283 A.2d 444 (D.C. 1971); *Majette v. Majette,* 261 A.2d 824 (D.C. 1970); *Payton v. Payton,* 187 A.2d 899 (D.C. 1963).

Christopher P. Suss, Chevy Chase, Md., for appellant. Peter A. Greenburg, Washington, D.C., was on brief.

Lawrence H. Fischer, Washington, D.C., with whom Ronald L. Ogens, Washington, D.C., was on brief, for appellees.

Before MACK and TERRY, Associate Judges, and REILLY, Chief Judge, Retired.

REILLY, Chief Judge, Retired:

This is an appeal from an order entered in the Landlord and Tenant Branch of the Superior Court granting a motion for summary judgment in the amount of $49,574.93 and reasonable attorney fees. The parties to this case are the owners of the downtown office building (the "landlord") which in 1979 entered into a written lease of office space to a professional corporation (the "tenant") for a ten year term. Some five years later, the landlord filed a complaint alleging a default in the covenant to pay the monthly rent which sought summary possession and a money judgment for rent in arrears.

After the answer was filed, the landlord moved for summary judgment. Before such motion was heard, the tenant vacated the premises and then moved to dismiss the motion on the ground that (1) the action was moot as the landlord had already regained possession and (2) the movant was not entitled to summary judgment for the overdue rent as the tenant was entitled to a set-off for loss of revenue stemming from the landlord's breach of a contract to let the leased office space to a subtenant. Both motions were consolidated for hearing. The court denied the motion to dismiss and granted a money judgment, noting that the allegation that the tenant had not paid rent since a specified date—and the accrued amount of such rent—were not disputed.

On appeal, the tenant argues (1) that as possession was no longer an issue in the case, the Landlord and Tenant Branch of the court lacked jurisdiction to enter an order for damages, and (2) the court erred in excluding the asserted set-off as not the kind of counterclaim permitted under the

published rules of that branch. We discern no error and affirm.

 In urging us to hold that when the tenant had surrendered the premises, the court was deprived of jurisdiction to enter a money judgment, appellant relies on *Spruill v. Brooks,* 68 A.2d 204 (D.C. 1949), and *Pollock v. Brown,* 395 A.2d 50 (D.C.1978). Neither decision supports this broad proposition. It is true that if a landlord does not join a claim for recovery of the premises in an action seeking damages for arrears in rent, the action would not be assigned to the Landlord and Tenant Branch, the primary function of which is to conduct summary proceedings for possession. Super.Ct. L & T R. 1. Joinder of a rent claim in a possessory action is specifically authorized by statute.[1] To hold that such a claim could be defeated by the voluntary act of a defendant which satisfies only a portion of the relief sought by the plaintiff, would do violence to the doctrine that once a suit is filed in a court of general trial jurisdiction, like the Superior Court, the mere fact that it "is separated into a number of divisions, do[es] not delimit their power as tribunals of the Superior Court ... to adjudicate civil claims and disputes." *Andrade v. Jackson,* 401 A.2d 990, 993 (D.C.1979).

The cases cited by appellant are readily distinguishable. In *Brooks, supra,* the plaintiff was merely a claimant of title, and admittedly not in privity of contract with the occupant of the disputed premises, described in the complaint as a tenant at will. This court, noting the absence of any landlord-tenant relationship between the parties, held that the action had been properly dismissed in the Municipal Court, a tribunal of limited jurisdiction. In *Pollock v. Brown, supra,* no jurisdictional issue was before this court on appeal and the sentence and footnote in the opinion quoted here by appellant as supporting his position were merely dicta, 395 A.2d at 51, n. 1. In that case, the landlord who had brought the action sold the property while the case was still pending in the Landlord and Tenant Branch, and thus, was not entitled to possession. The suit for rent was then transferred to the regular civil docket and consolidated with a separate action for damages previously filed by the tenants against the original lessor in the Civil Division. Neither party contested the propriety of the transfer order.

 Appellant also argues that if its surrender of the premises did not compel dismissal, the denial of an oral request to transfer the case to the Civil Division was error. In *Andrade v. Jackson, supra,* where we disapproved of a dismissal by the Family Division on jurisdictional grounds, even though the litigation sought relief beyond the rules of that division, we did remand the case for transfer to the Probate Division. In the instant case, however, we do not regard a transfer order by the Landlord and Tenant Branch as something it was compelled to do. To be sure, the tenant's departure from the leased office space did moot the possession issue; it did not moot the rent claim—an integral part of the landlord's action, which, under the rules of the branch, the trial judge was authorized to adjudicate. To have referred the motion for summary judgment to another branch of the court would have been a waste of judicial resources under the circumstances.[2]

---

1. D.C.Code § 45–1411 (1981).

2. *See McNeal v. Habib,* 346 A.2d 508 (D.C.1975), an action for possession in which the tenant had made one monthly payment of rent into the registry of the court in compliance with a protective order, but then—as in the case before us—vacated the premises voluntarily before trial. Such surrender did not moot the case, however, as both sides claimed the money in escrow. In stating what should have been the procedure for disposing of the matter in the Landlord and Tenant Branch, we rejected as merely dicta an observation made by the United States Court of Appeals for this circuit in *Bell v. Tsintolas Realty Co.,* 139 U.S.App.D.C. 101, 112, 430 F.2d 474, 485 (1970), saying:

If the court meant to suggest that an additional complaint would have to be filed in another branch of the trial court, we respectfully would disagree. The parties and the money

A closer question is presented by appellant's contention that the court erred in excluding evidence of an asserted breach of contract by the landlord as a set-off or counterclaim to the rent arrearage. What the tenant proposed to show in opposing the motion for summary judgment was that in 1982 it had entered into an agreement with the rental agent for the landlord, Charles E. Smith Management, Inc., whereby the latter undertook to find a subtenant willing to pay a specified rent for the leased premises. No such subtenant was ever produced. According to the tenant, if the Smith Company had fulfilled its obligations under the agreement, its liability for rent would have been totally or substantially reduced, and consequently, it was entitled to demonstrate such breach of agreement as an "equitable defense" under Super.Ct. L & T R. 5(b).

Rule 5(b) provides:

(b) COUNTERCLAIMS. In actions in this branch for recovery of possession of property in which the basis of recovery is nonpayment of rent in arrears, *the defendant may assert an equitable defense of recoupment or set-off or a counterclaim for a money judgment based on the payment of rent or on expenditures claimed as credits against rent or for equitable relief related to the premises.* No other counterclaims, whether based on personal injury or otherwise, may be filed in this branch. This exclusion shall be without prejudice to the prosecution of such claims in other branches of the court. (Emphasis added.)

▆▆▆ While neither side has cited judicial authority precisely in point for the court's challenged interpretation of such rule, the guiding precedents indicate that no error was committed by the refusal to allow appellant to litigate this claim in the

Landlord and Tenant Branch. Despite the seemingly broad phrase "equitable relief related to the premises," our court—consistent with the principle of *ejusdem generis*—has repeatedly held that where commercial property is involved, the mere fact that a counterclaim is related to the premises does not permit such matter to be raised under Rule 5(b) unless based upon a payment or credit against rent. *Campos v. Aguila*, 464 A.2d 132 (D.C.1983).

In that case, the landlord had sold a grocery business to a purchaser in exchange for a promissory note and simultaneously leased to him the premises in which the grocery was located. In an action based upon a default in rent payments, we affirmed a ruling of the trial judge in the Landlord and Tenant Branch precluding the tenant from presenting evidence of a cash payment of $30,000 on his promissory note as a set-off against back rent. In affirming this ruling, we noted that the payment claimed as a set-off was based upon a separate transaction and that the constraints imposed by Rule 5(b) were designed to insure an expeditious resolution of landlord-tenant disputes.[3]

The disputed ruling in the instant case is in harmony with this opinion, for here the transaction appellant relied upon—the agreement with the Smith Company—did not occur simultaneously with the execution of the lease, but some three years later, and the asserted responsibility of the landlord for such agreement was put into issue by its pleadings when appellant tried to raise this defense. The exclusion of such complex issues from an action in the Landlord and Tenant Branch based upon an independent covenant for rent did not prevent the tenant from seeking damages incurred from the asserted breach of the Smith agreement in a separate action in the Superior Court.

*Affirmed.*

already are before the court; it would be pointless to call for instituting a new proceeding as a means of concluding the existing one. *McNeal v. Habib, supra,* 346 A.2d at 514–15 n. 15.

3. Accord *Winchester Management Corp. v. Staten,* 361 A.2d 187 (D.C.1976); *Interstate Restaurants, Inc. v. Halsa Corporation,* 309 A.2d 108, 110 (D.C.1973) (per curiam).