## MACKALL *v.* WILLOUGHBY.*

### APPELLATE PRACTICE; APPEALBLE DECREES.

1. An appeal will not be entertained from a decree entered in the court below in exact conformity to the mandate of the appellate court issued in the same case upon a former appeal.
2. If a decree be in substance a final determination of the litigation, so as to conclude the parties, it is appealable, although in form it may not be a final decree.

No. 447. Submitted April 18, 1895. Decided April 23, 1895.

HEARING on a motion to dismiss an appeal. *Granted.*

The facts are sufficiently stated in the opinion.

*Mr. A. A. Birney* for the motion.

*Mr. Henry E. Davis* opposed.

*See *Willoughby* v. *Mackall,* 1 App. D. C. 411; 5 Id. 162.—REPORTER.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This case has been in this court upon two former appeals. On the last appeal the case was considered on its merits as disclosed in the proof, and this court then made a definitive decision of the questions presented on the record, resulting in a reversal of the decree appealed from, with costs to the appellant, and remanding the cause to the court below, with directions to enter a *final decree in accordance with the opinion of this court filed.* The decree of this court was duly entered, declaring the decree appealed from reversed, and remanding the cause for the final decree by the court below, in accordance with the opinion. By the opinion and decree thus made, the litigation between the parties was finally terminated on the merits; and the mandate of this court was issued as directed, and the court below passed a final decree in pursuance of that mandate.

It is from that decree that the present appeal is taken. The appellee has moved to dismiss the appeal, upon the ground that the present appeal presents no new question for decision, and that the litigation is concluded so far as this court is concerned.

It is not denied, indeed it is conceded by the counsel for the appellant, that the decree from which this appeal is taken was made in strict conformity to the opinion and mandate of this court. And such being the case, the question is, ought the present appeal to be entertained by this court? We do not understand that the case is brought here with any view of attempting to procure from this court a review and reversal of its former opinion and decree. But we are informed by counsel for the appellant that it is deemed material or important that a judgment of affirmance should be entered on this appeal to enable the appellant to take the case to the Supreme Court of the United States. And while this court is entirely willing to afford any facility in its power to enable parties to exercise the right of appeal to the fullest

extent, the present mode of procedure is not deemed proper to that end; and in the opinion of this court the appellee is entitled to have this appeal dismissed.

It is a well settled principle in the practice of appellate procedure, that an appeal will not be entertained from a decree entered in the court below in exact conformity to the mandate of the appellate court issued in the same case upon a previous appeal. There must be an end for appeals as for all other proceedings; and while it is true, that if, in the course of the execution of the decree, after its entry, either party is aggrieved by what may have been done in such execution, he may appeal from the final decree in that behalf; such an appeal will bring up for review only the proceedings subsequent to the mandate. *Stewart* v. *Salamon,* 97 U. S. 361. Where such an appeal is taken from a decree passed in pursuance of the mandate of an appellate court, the latter will, upon motion of the appellee to dismiss, simply examine the decree entered by the court below, and if that decree conforms to the mandate sent down, dismiss the appeal with costs. *Mackall* v. *Richards,* 116 U. S. 45. But if the decree entered below does not conform to the mandate, the case will be remanded with appropriate directions for the correction of the error. *Stewart* v. *Salamon, supra.*

In this case, as we have already stated, the opinion and decree entered by this court on the former appeal made a final end of the litigation, and the rights of the parties on the merits were fully determined and adjudicated. The amount of the claim was adjudged to be due, and that there existed a lien upon specific property as security for its payment; and the direction to the court below to enter the final decree had reference simply to the modal or formal matter for carrying out and executing the adjudication of this court; and when the decree was entered in the court below, being in conformity to the mandate, it became in effect the decree of this court. If therefore this appeal were entertained, it would be virtually an appeal from our own de-

cree. This would be an incongruity that ought not be allowed.

Looking to the right of the appellant to appeal to the Supreme Court, the decree of this court upon which the mandate to the lower court was founded, was a final decree for all purposes of an appeal to the Supreme Court of the United States ; and that is all that would seem to be necessary for the protection of the rights of the appellant. *Mower* v. *Fletcher*, 114 U. S. 127. It is not so much to a matter of form as it is to a matter of substance that the Supreme Court looks in determining whether a decree be final or not ; and if it be in substance a final determination of the litigation so as to conclude the parties, it is, according to the decided cases, appealable. The appeal must be dismissed, with costs to the appellee.

*Appeal dismissed.*