316

**KENT et al. v. LIVINGSTONE et al.**
**No. 6520.**

United States Court of Appeals for the
District of Columbia.

Argued Jan. 10, 1936.

Decided March 2, 1936.

Edmund D. Campbell and Charles A. Douglas, both of Washington, D. C., for appellants.

Edward C. Kriz, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

Appellants, plaintiffs below, sued to restrain appellees, defendants below, from foreclosing and selling, under a deed of trust, certain apartment house property owned by plaintiffs. The ground of suit is that the notes secured by the deed of trust were infected with usury and had, in law, been fully paid.

The bill charged that Mrs. Kent, the owner of the property, had obtained, through appellee Kenneth M. Livingstone, a $5,000 loan on the property, the loan being evidenced by five notes of $1,000 each, and had paid Livingstone a bonus in the amount of $1,000. Subsequently a part of the debt was paid, and the matter in issue involves only two of the defaulted $1,000 notes. The defense is that Kenneth Livingstone had received the notes as broker for Mrs. Kent and that the $1,000 paid to him was a commission or brokerage for placing the notes; that the holder of the two notes in contest, Mrs. Anna V. Livingstone, had purchased them in the ordinary course of business without notice of the transaction between Mrs. Kent and Kenneth Livingstone, and had paid for them the face of the notes, less 5 per cent.

The trial court, after hearing the evidence, made elaborate findings of fact and conclusions of law, and entered a decree dismissing the bill of complaint. Among the findings of fact is the following: "Plaintiffs knew, at the time of the filing of the bill of complaint, that defendant Kenneth M. Livingstone was not, and never had been, the owner or holder of the notes, except for a few days after their execution, and prior to the date of their sale by him, and that the holders of said notes took the same, for value, before maturity, and without notice, and hence are holders in due course thereof."

We have examined the evidence carefully, and we think it fully sustains this finding of fact. And, since this is conclusive of the rights of the parties, we think no purpose will be served by a restatement of the evidence on which the finding is based. This leaves only the question: Was Kenneth Livingstone a proper person to act as trustee under the deed of trust? He is the son of the holder of the notes on which the foreclosure proceeding was based. This relationship, we think, is so close as to make him not an impartial person, and we have said a number of times that, upon a showing of interest, a trustee ought not to be permitted to continue to serve. Church, Inc. v. Holmes, 60 App.D.C. 27, 46 F.(2d) 608; Holman v. Ryon, 61 App.D.C. 10, 56 F.(2d) 307; Spruill v. Ballard, 61 App.D.C. 112, 58 F.(2d) 517. If the foreclosure proceeding is to be carried out, in our opinion the lower court should appoint another trustee.

Affirmed, and remanded to the lower court, with instructions to proceed in accordance with this opinion.