## CANELACOS et al. v. HOLLWAY et al.

### No. 7800.

United States Court of Appeals for the District of Columbia.

Argued Oct. 8, 1941.

Decided Nov. 26, 1941.

Vincent L. Toomey, of Washington, D. C., for appellants.

Leonard J. Ganse, of Washington, D. C. (Carl F. Bauersfeld, of Washington, D. C., on the brief), for appellee Helen Camp.

Thomas H. Patterson, of Washington, D. C. (Milton D. Campbell, of Washington, D. C., on the brief), for appellees William J. Hollway, Lillian F. Hollway, and Austin E. Hollway.

Before MILLER, VINSON, and ED-GERTON, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from a judgment which avoids an auction sale of real property, made in 1937 by appellees William J. and Lillian F. Hollway, trustees, to appellants Canelacos, and requires appellants to account for rents and profits, less certain compensation and expenses.

In 1934 appellee William J. Hollway, representing himself as owner, contracted to sell the property to appellee Helen Camp. Title was actually held in the name of appellee Austin E. Hollway, the son of William J. and Lillian F. Hollway, for their benefit, but Camp did not know this. She afterwards executed and delivered her note payable to Austin E. Hollway and, as security, a deed of trust of the property to William J. and Lillian F. Hollway as trustees. Austin executed a deed to Camp, and endorsed the note to William J. Hollway. Upon default in payments by Camp, the trustees in 1937 auctioned the property

---

52 54 Harv.L.Rev. 839 (1941).

in accordance with the deed of trust. It was sold to appellants, the highest bidders. They paid a deposit and tendered the balance of the price. The trustees refused to convey to them, and William J. Hollway brought this action to foreclose Camp's deed of trust. He did not join appellants, or include in his bill any reference to them or to the auction sale. They intervened, praying dismissal of the complaint and a decree of specific performance and damages against the trustees. The trial court denied specific performance. It held that the Hollways were disqualified to act as trustees in the sale of the property, and that the sale was therefore void. We think this was error.

We have repeatedly pointed out the impropriety of the exercise of a power of sale under a deed of trust by a trustee who is, or is associated with, the owner of the debt secured. The conflict between such a trustee's interest and his duty to the debtor has led us to restrain such sales and substitute a disinterested trustee.[1] Similarly, when a trustee has failed to disclose his interest to the debtor, we have held a sale to the trustee's nominee to be wrongful.[2] But it is a different matter to set aside, because of a trustee's interest in the debt which has been disclosed to the debtor, a fair sale to an innocent purchaser for value. There is no good reason for disappointing the reasonable expectations of such a purchaser.[3]

In Earll v. Picken[4] the trustee not only concealed his interest from the debtor, but was the real purchaser at the foreclosure sale.[5] The suggestion in that case that such a sale is "void" has no application to the present facts. Here, the trustees never concealed their interest from Camp; on the contrary, William J. Hollway held himself out to her, from the first, as owner and seller. Appellants are innocent purchasers for value, and strangers to the trustees. They attended the auction in response to a newspaper advertisement. The trustees, so far from favoring them, have sought to defeat them.

The sale was well advertised and was conducted by reputable auctioneers. The record does not show, nor is it contended, that it was not properly conducted, or that a fair price was not obtained. It does not appear that Camp made any objection to the sale until nearly five months later, when she filed a cross-complaint in this suit. She not only failed to object to the sale, which she knew was to be held,[6] but afterwards expressed to appellants her approval of it.[7] They thereupon moved into the house and made repairs.

Appellants are entitled to specific performance of their contract of purchase, together with their actual damages, if any, but not to punitive damages. It follows, of course, that the judgment of the court in respect to rents and profits, expenses, etc., is erroneous.

Reversed.

---

[1] Spruill v. Ballard, 61 App.D.C. 112, 114, 58 F.2d 517, 519; Kent v. Livingstone, 65 App.D.C. 291, 83 F.2d 316.

[2] Earll v. Picken, 72 App.D.C. 91, 97, 113 F.2d 150, 156; Ballard v. Spruill, 64 App.D.C. 60, 74 F.2d 464. Cf. Stokes v. Hinden, 66 App.D.C. 34, 85 F.2d 200.

[3] Cf. Holman v. Ryon, 61 App.D.C. 10, 56 F.2d 307 (collusive purchaser's innocent mortgagee); Realty Investment & Securities Corp. v. H. L. Rust Co., 71 App.D.C. 213, 217, 109 F.2d 456.

[4] Supra, note 2.

[5] Of the Military Road property.

[6] Cf. General Auto Truck Company v. Rust et al., 66 App.D.C. 392, 88 F.2d 774.

[7] She wrote: "I take this method of notifying you that the gas and electric meters will be discontinued December 31, all in readiness for you to take over this property January 1, 1938. * * * Wishing you luck in your recent purchase * * *."