236

## CAMP v. CANELACOS et al.
### No. 8277.

United States Court of Appeals for the District of Columbia.

Submitted Oct. 7, 1942.

Decided Oct. 26, 1942.

Mr. Ward B. McCarthy, of Washington, D. C., submitted the case on the brief for appellant. Messrs. Leonard J. Ganse and Carl F. Bauersfeld, both of Washington, D. C., were on the brief.

Mr. Vincent L. Toomey, of Washington, D. C., submitted the case on the brief for appellees.

Before MILLER, VINSON, and EDGERTON, JJ.

PER CURIAM.

This appeal grows out of Canelacos v. Hollway, No. 7800, 75 U.S.App.D. C. 58, 123 F.2d 934, 138 A.L.R. 1010. Appellant Camp petitioned for a rehearing on the ground that she was not in default at the time of the foreclosure sale. We denied her petition, on the ground that she had not argued the question of default on the appeal. The District Court entered its judgment in accordance with our mandate. Appellant now appeals from that judgment, and contends that she did in fact argue, on the prior appeal, that she was not in default. This contention is erroneous. Although her brief on that appeal stated as a fact that her answer to the complaint had denied default, the argument in the brief entirely ignored, and so abandoned, that denial. Moreover, appellant's contention comes too late. The matter is concluded by our decision in No. 7800. Cf. Mackall v. Willoughby, 6 App.D.C. 125. But we do not agree with appellee's contention that this appeal is taken merely for delay and entitles appellee to double costs, etc., under our Rule 23.

■ Appellant contends that she should not be required to pay the compensation and expenses of a receiver who was appointed on her motion. It was for the court to allocate those costs in accordance with justice, unburdened by any fixed rule.[1] It does not appear to have acted unjustly.

Affirmed.

[1] Palmer v. State of Texas, 212 U.S. 118, 132, 29 S.Ct. 230, 53 L.Ed. 435. Cf. Burnrite Coal Briquette Co. v. Riggs, 274 U.S. 208, 214, 215, 47 S.Ct. 578, 71 L.Ed. 1002; Bowersock Mills & Power Co. v. Joyce, 8 Cir., 101 F.2d 1000.