**URCIOLO v. DISTRICT OF COLUMBIA.**

No. 1086.

Municipal Court of Appeals for the District of Columbia.

Argued July 9, 1951.

Decided July 31, 1951.

Leonard C. Collins, Washington, D. C., and Joseph J. Urciolo for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

On August 1, 1947, appellant was the highest bidder at a foreclosure sale of real estate under a deed of trust. On October 1, 1947, settlement of the sale was made and the trustees delivered to appellant a deed to the property.[1] On October 2 appellant notified the Water Registrar of his purchase, stating that he would be responsible for the water supplied to the premises from that date forward. The Registrar insisted that appellant pay for water used at the premises from February 4, 1947, the date of the last meter reading, and pay for repairs to the water meter, threatening to cut off the water supply unless payment was made. Under protest appellant made payment and then brought this action to recover the amount so paid. The trial court denied him a recovery and he has appealed.

An order of the Commissioners of the District of Columbia of August 1, 1945, provides: "Every person, firm, or corporation purchasing or renting any real estate or premises where there is a water meter shall give notice in writing to the Water Registrar of the District of Columbia in advance of such purchase or rental, or not more than five (5) days subsequent thereto, in every case where a statement of the account to date may be desired. Said notice shall contain the names and addresses of the persons, firms, or corporations who

---

1. The bid at the sale was made in the name of James J. Koutsos, who assigned his rights as purchaser to Florence E. Urciolo. The trustees conveyed to her and she immediately reconveyed to appellant. It is conceded that appellant was the real party in interest throughout the transaction.

are parties to the change of ownership or rental of said property; *Provided,* That nothing herein contained shall be so construed as to constitute a limitation upon the authority of the Water Registrar to enforce payment of accrued water rent by shutting off the supply of water to such premises when such accrued water rent is not paid by the former owner or occupant. The Water Registrar shall have access to all premises where water meters are installed; Provided, That if said property be vacant, the notice of said purchase or change of occupancy shall contain a fixed time at which a representative of the Water Department may obtain access to read such meter."

In Farrell v. Ward, D.C.Mun.App., 53 A.2d 46, 49, construing a previous but similar order of the Commissioners, we said it meant "that one purchasing property without notifying the Water Registrar may be compelled to pay the full current water rate for the property, because without notice to the Registrar and an opportunity to read the meter it is impossible for the Registrar to allocate the use of water for the current year between the present owner and the prior occupant. So construed this regulation is reasonable and imposes no undue hardship on the purchaser of the property."

Both parties rely on our decision in the Farrell case. Appellant says he gave notice within five days after receiving a deed to the property and is thereby relieved from responsibility for the accrued bill for the period prior to his purchase. The District says that appellant in fact purchased the property on August 1, the date of the sale, and therefore did not comply with the Commissioners' order. Thus the question is does one who buys at a foreclosure sale "purchase" the property, within the meaning of the Commissioners' order, at the time of the foreclosure sale or at the time he receives a deed to the property.

The Commissioners evidently used purchasing in the sense of becoming owner because the order refers to "change of ownership," and the Commissioners are authorized by statute to collect water rates from owners of buildings.[2] Owner is not a technical term and its meaning varies according to the context in which it is used.[3] It does not necessarily mean the holder of the technical legal title.[4] The time at which the rights of the highest bidder at a foreclosure sale ripen into those of a purchaser or owner depends largely on the statute regulating such sales, the necessity for judicial confirmation and the period for redemption.[5] In this jurisdiction sale at foreclosure under deed of trust requires no judicial authorization or confirmation. There is no statute regulating such sales or giving any right of redemption.[6] The trustees deliver their deed as soon as the bidder complies with the terms of sale. The rights of the purchaser date from the time of sale regardless of time of delivery of deed. Cf. Canelacos v. Hollway, 75 U.S.App.D.C. 58, 123 F.2d 934, 138 A.L.R. 1010. In the instant case settlement of taxes on the property and interest on a first deed of trust were adjusted as of the date of sale.[7] The trustees' deed, though acknowledged and delivered on October 1, was dated as of August 1. Therefore we think that on August 1

2. Code 1940, § 43–1521. We are not here dealing with the duties of a tenant to comply with the Commissioners' order or the statutory authority of the Commissioners to collect water rates from occupants of buildings.

3. Annotations, 2 A.L.R. 778, 95 A.L.R. 1085.

4. Mason v. Automobile Finance Co., 73 App.D.C. 284, 121 F.2d 32.

5. State Bank of Hardinsburg v. Brown, 317 U.S. 135, 63 S.Ct. 128, 7 L.Ed. 140; Campbell v. Carter, 248 Ala. 294,

27 So.2d 490; Union Trust Co. v. Biggs, 153 Md. 50, 137 A. 509; Pennsylvania Co. v. Broad Street Hospital, 354 Pa. 123, 47 A.2d 281; In re Spokane Savings Bank, 198 Wash. 665, 89 P.2d 802.

6. Holman v. Ryon, 61 App.D.C. 10, 56 F.2d 307; Spruill v. Ballard, 61 App.D. C. 112, 58 F.2d 517, certiorari denied, 293 U.S. 625, 55 S.Ct. 349, 79 L.Ed. 712.

7. The brief for the District states, and it is not denied by appellant, that in proceedings in the United States Dis-

when appellant bid in the property he became the owner in a real and substantial sense and the trial court was justified in finding that within the meaning of the Commissioners' order appellant purchased the property on August 1.

With respect to the bill for repairs to the water meter, the record indicates that the repairs were made after the foreclosure sale occurred. Therefore the defective meter was owned by appellant and under the regulations he was responsible for cost of the repairs. Appellant argues that he did not order the repairs or receive notice that the repairs would be made. We think the District under its regulations has authority to make repairs to meters and charge the owners therefor. Whether an owner is entitled to notice beforehand that repairs will be made, we do not decide. Appellant having delayed notifying the District of his ownership cannot complain that as owner he was entitled to notice. Furthermore, the record does not show that this point was raised at trial.

Affirmed.

trict Court for the District of Columbia it was held that appellant was entitled to recover the rent for the months of August and September which had been collected from the tenants of the property by Mrs. Fleet, the former owner.