**ADMIRAL COMPANY, Incorporated,**
**Appellant,**
**v.**
**Ernest A. THOMAS et al., Appellees.**
**No. 14920.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 25, 1959.

Decided Nov. 5, 1959.

850

Mr. Milton M. Burke, Washington, D. C., for appellant.

Mr. Samuel Scrivener, Jr., Washington, D. C., with whom Mr. David S. Scrivener, Washington, D. C., was on the brief, for appellees.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The Admiral Company, Inc., appellant, filed its action in the District Court to set aside as invalid a sale to appellee Thomas of premises described in the complaint. The sale was by appellees Scrivener and Crowell as trustees under a deed of trust securing a first trust note held by appellee Perpetual Building Association. Mr. Thomas was Treasurer of the Association. The trustees also were officers of the Association. The sale was conducted by the trustees through an auctioneering firm whose president also was an officer of the Association. The effect of the sale was to wipe out the security of another deed of trust securing a second trust note held by appellant. Appellant had not notified the Association of its interest, did not receive actual notice of the sale and was not represented when the auction occurred as publicly advertised.

Mr. Thomas bid $7,600, the amount needed to make the Association whole. Unpaid on the first trust note were $7,443.67, of which $300.00 were in arrears, consisting of five monthly installments of $60.00 each. Unpaid on the note held by appellant were $3,405.85. There is no question the property was worth the aggregate of the amounts unpaid on the two notes.

Since this is a proceeding in equity the fact that the trustees and purchaser were officers of the Association, holder of the note, requires us to scrutinize very closely all that occurred in execution of the trust. Clark v. Trust Co., 100 U.S. 149, 152, 25 L.Ed. 573; Spruill v. Ballard, 61 App.D.C. 112, 58 F.2d 517, 519. And see Kent v. Livingstone, 65 App.D.C. 291, 83 F.2d 316, and Holman v. Ryon, 61 App.D.C. 10, 56 F.2d 307.

Mr. Thomas testified that he made the bid of $7,600 on behalf of the Association. Nevertheless, deciding there might be an opportunity for private profit, Mr. Thomas shortly after the public sale arranged privately with the trustees to become the purchaser himself at the price bid at the auction. The property was deeded to a strawman for Mr. Thomas, who later took title in the name of his wife.

Mr. Thomas had made no bid on his own behalf. There accordingly was no sale to him at the advertised public auction. Since the trustees were obligated not to sell for less than a ready purchaser at the public sale might offer, they did not have authority to permit Mr. Thomas, acting for the Association in the bidding, later to acquire the property for himself on the bid he had made for the Association. Were the property to be sold at auction to him he would be required to bid for it at a price he was himself willing to pay, which necessarily would have been something more than the bid he made for the Association.

We have held that the mere fact that a trustee is an officer of the corporate note holder is not sufficient to avoid a sale made by the trustee. Alpar v. Perpetual Building Ass'n, 104 U.S.App. D.C. 341, 262 F.2d 230. And the Supreme Court has held that though the purchaser is an officer of the corporate

note holder the sale is not invalid in the absence of fraud. Clark v. Trust Co., supra. The particular irregularity we find, however, is that the bid was by Mr. Thomas in his capacity as an officer of the Association and the subsequent transfer was to him in his individual capacity on the same bid.

The sale by the trustees to Mr. Thomas in the circumstances we have set forth was unauthorized and therefore invalid.[1]

Appellant's interest is obvious and its potential prejudice sufficient to confer standing to maintain the action. As we have indicated, had Mr. Thomas bid for himself he necessarily would have bid higher than had been done for the Association. Moreover, had the public sale to the Association been consummated, rather than the acquisition of title by Mr. Thomas, the latter would not have had a personal interest standing between the Association and appellant. Except for this interest, and the close relationship of Mr. Thomas, the Association, and the trustees, appellant might have been able to "redeem" the property, as it sought to do, in a manner to protect itself and at the same time to make the Association whole. The evidence shows that the desire of the Association as such was simply to obtain the amount due to it, while Mr. Thomas' intervening interest went beyond this.[2] The circumstances are ample to enable appellant to maintain the action to set aside the sale.[3]

Our view of the facts is not substantially at variance with the findings of the District Court. Our difference is with respect to the conclusions to be drawn as to the validity of the sale and as to the standing of appellant to question it.

We hold that the only sale attempted to be consummated as a result of the auction, that is, the one to Mr. Thomas, must be set aside. The further remedy, which might include some accounting, is more appropriately left for formulation by the District Court. Accordingly, we shall remand for further proceedings. The parties should be given the opportunity to submit to the District Court, if they desire to do so, their views of the form of judgment required to resolve the litigation consistently with this opinion.

Reversed and remanded.

BAZELON, Circuit Judge (concurring).

While I concur in the court's opinion which holds the sale procedures invalid, I think another—and the principal—ground urged by appellant deserves mention since it raises an important question of fiduciary responsibility upon which the case law in this jurisdiction is in apparent conflict. This ground is that the close relationships among the purchaser, auctioneer and the note holder, and between each of them and the trustees, rendered the sale voidable. Appellant relies upon the several cases of this court in which sales under a deed of trust have been enjoined or set aside because the trustee was also the note holder, or was intimately related to him by kinship or economic ties.[1] The principle of these cases is that such a conflict of interest reduces the trustee's incentive to obtain the highest price for the benefit of junior interests.

The appellees assert, however, that these cases are inconsistent with an ear-

---

1. We do not have the case of title having been acquired by the Association and then transferred to Mr. Thomas at a private sale. We think the purported sale here to Mr. Thomas was by the trustees on the bid made for the Association.

2. After expending some $1,200 in repairs Mr. Thomas contracted to sell the property for $12,800, subject to the outcome of this litigation.

3. See Bond v. Stephens, 1925, 161 Ga. 140, 129 S.E. 636.

1. Spruill v. Ballard, 1932, 61 App.D.C. 112, 58 F.2d 517; Holman v. Ryon, 1932, 61 App.D.C. 10, 56 F.2d 307; Kent v. Livingstone, 1936, 65 App.D.C. 291, 83 F.2d 316; Earll v. Picken, 1940, 72 App. D.C. 91, 113 F.2d 150.

lier decision of the Supreme Court in 1879 which upheld a sale under circumstances similar to those here presented.[2] In addition, they rely upon other cases in this court in support of the proposition that a sale under a deed of trust need not be enjoined or set aside by reason of a conflict of interest unless the trustee's dual capacity is concealed from the borrower.[3]

It is suggested that the disclosure of trustee's dual capacity is not meaningful if, in reality, the borrower must accept him in order to obtain the loan. But re-examination of this question of fiduciary responsibility in light of more recent expressions of the Supreme Court[4] is unnecessary in this case since we are able to rest our decision upon another issue.

2. Clark v. Trust Co., 1879, 100 U.S. 149, 25 L.Ed. 573.

3. Realty Investment & Securities Corp. v. H. L. Rust Co., 1939, 71 App.D.C. 213, 109 F.2d 456; Alpar v. Perpetual Bldg. Ass'n, 1958, 104 U.S.App.D.C. 341, 262 F. 2d 230, certiorari denied 1959, 360 U.S. 934, 79 S.Ct. 1458, 3 L.Ed.2d 1547; but see Kent v. Livingstone, supra, setting aside the sale under a deed of trust despite full disclosure of the trustee's conflict of interest.

4. See, for example, Jackson v. Smith, 1921, 254 U.S. 586, 41 S.Ct. 200, 65 L.Ed. 418, a later decision of the Supreme Court requiring far stricter standards in this area of the law than Clark v. Trust Co., supra. See also Meinhard v. Salmon, 1928, 249 N.Y. 458, 464, 164 N.E. 545, 546, 62 A.L.R. 1.